UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No: 2:13-cv-4190 |
| SCHLUP INVESTMENT, INC.; MICHAEL G. SCHLUP; | ) ) ) | **JURY TRIAL DEMANDED** |
| **SERVE:** Thomas J. Dickerson The Dickerson Law Firm 7248 W. 121st Street Overland Park, KS 66213 | ) ) ) ) ) | |
| PLAZA GARDENS ON THE LAKE CONDOMINIUM ASSOCIATION; LMCD INVESTMENTS, INC.; ANNA M. ANTHES, TRUSTEE OF THE ANNA M. ANTHES REVOCABLE LIVING TRUST DATED JUNE 20, 2002; REGINALD CAMPBELL; BRENDA CAMPBELL; MICHAEL DAVIS; EVELYN DAVIS; SCOTT DRYER; LISA DRYER; TOMMY ELMS; ANNETTE ELMS; PHILLIP GOEDEKER; JOHN JOHNSON; VIOLET JOHNSON; RON JUDA; KATHERINE JUDA; LARUE E. HILL TRUST; BILL MAULL; KELLY MAULL; BILL MCGRIFF; LINDA MCGRIFF; JAMES MCKINZIE; STEVE RICKMAN; KRISTEN RICKMAN; ROBERT ROGERS; RUTH ROGERS; JOAN SCHOOR; ROBERT SCHOOR; DOUG SIEBERT; LAURA SIEBERT; PAT SULLIVAN; LINDA SULLIVAN; RUSSELL WEST; KATHLEEN WEST; DAVE WINGERT; TRACEY TRUITT; VIKRAM SHAH; and SUSAN YOHE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

|  |  | ) |
|---|---|---|
| **SERVE:** | **Scott C. Long** | ) |
|  | **Long & Luder, P.C.** | ) |
|  | **9401 Indian Creek Parkway** | ) |
|  | **Suite 800** | ) |
|  | **Overland Park, KS 66210** | ) |
|  |  | ) |
|  | Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Western World Insurance Company ("Western World"), by and through its attorneys and for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2200 and 2201 and Rule 57 of the Federal Rules of Civil Procedure, states to the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Western World is a foreign insurance corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in New Jersey, and which is authorized by the Missouri Department of Insurance to conduct business in the State of Missouri.

2. Upon information and belief, Defendant, Schlup Investment, Inc. ("Schlup Investment") is a Missouri corporation with its principal place of business in Camden County, Missouri.

3. Upon information and belief, Defendant, Plaza Gardens on the Lake Condominium Association, is a Missouri corporation with its principal place of business in Camden County, Missouri.

4. Upon information and belief, Defendant, LMCD Investments, Inc., is a Missouri corporation with its principal place of business in St. Louis, Missouri.

2

5. Upon information and belief, Defendants, Michael G. Schlup; Anna M. Anthes, Trustee of the Anna M. Anthes Revocable Living Trust Dated June 20, 2002; Reginald Campbell; Brenda Campbell; Michael Davis; Evelyn Davis; Scott Dryer; Lisa Dryer; Tommy Elms; Annette Elms; Phillip Goedeker; John Johnson; Violet Johnson; Ron Juda; Katherine Juda; Larue E. Hill Trust; Bill Maull; Kelly Maull; Bill McGriff; Linda McGriff; James McKinzie; Steve Rickman; Kristen Rickman; Robert Rogers; Ruth Rogers; Joan Schoor; Robert Schoor; Doug Siebert; Laura Siebert; Pat Sullivan; Linda Sullivan; Russell West; Kathleen West; Dave Wingert; Tracey Truitt; Vikram Shah; and Susan Yohe are all citizens and residents of the State of Missouri.

6. This case and controversy involves citizens of different states.

7. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

8. This Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1).

9. Venue is proper in the Western District of Missouri under 28 U.S.C. § 1391(a) because all Defendants are citizens and residents of the State of Missouri and a substantial amount of the events and occurrences giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

10. Western World brings this action seeking the interpretation of an insurance policy described below and a declaration of its rights and obligations thereunder.

11. Defendants, Plaza Gardens on the Lake Condominium Association; LMCD Investments, Inc.; Anna M. Anthes, Trustee of the Anna M. Anthes Revocable Living Trust Dated June 20, 2002; Reginald Campbell; Brenda Campbell; Michael Davis; Evelyn Davis; Scott Dryer; Lisa Dryer; Tommy Elms; Annette Elms; Phillip Goedeker; John Johnson; Violet Johnson; Ron

3

Juda; Katherine Juda; Larue E. Hill Trust; Bill Maull; Kelly Maull; Bill McGriff; Linda McGriff; James Mckinzie; Steve Rickman; Kristen Rickman; Robert Rogers; Ruth Rogers; Joan Schoor; Robert Schoor; Doug Siebert; Laura Siebert; Pat Sullivan; Linda Sullivan; Russell West; Kathleen West; Dave Wingert; Tracey Truitt; Vikram Shah; and Susan Yohe (collectively, the "Underlying Plaintiffs") have brought suit against Schlup Investment and Michael G. Schlup in the Circuit Court of Camden County, Missouri.

12. Western World has received demands for coverage from both Schlup Investment and Michael G. Schlup claiming they are entitled to defense and indemnity for the lawsuit brought by the Underlying Plaintiffs. The action implicates a Western World insurance policy issued to Schlup Investment for the period from January 5, 2005, to January 5, 2006.

13. Western World denies that it owes any duty under its policy, and further denies any liability, to Schlup Investment and Michael G. Schlup.

14. Accordingly, an actual justiciable controversy exists between Western World and Defendants and litigation concerning this controversy is imminent and inevitable. The resolution of the matters raised in this declaratory judgment action will dispose of all issues and disputes between the parties.

15. All necessary and proper parties are before the Court for the matters in controversy.

16. Western World has no other adequate remedy at law.

### THE INSURANCE POLICY

17. On or about October 29, 2004, Schlup Investment, by and through its agent, J. Scott Smith Insurance Agency, submitted an application for insurance to Western World (the "Application"). A true and accurate copy of the Application is attached hereto as "Exhibit 1".

4

18. In the Application, Schlup Investment represented, *inter alia*, that:

   a. The nature of Schlup Investment's business and operations was commercial framing;

   b. Schlup Investment's typical project was framing houses/apartments;

   c. Schlup Investment had only three employees;

   d. Schlup Investment had not worked on any condominiums, town houses, or tract homes in the past five years;

   e. Schlup Investment did not use any subcontractors;

   f. Schlup Investment did not have any real estate development property; and

   g. Schlup Investment's address was 14707 Mission Rd., Leawood, Kansas 66224.

19. Western World required that the policy application be signed by the insured, and the J. Scott Smith Agency, acting on behalf of Schlup Investment, submitted an application purportedly signed by Michael G. Schlup.

20. In reliance on this signed application, Western World issued a commercial lines policy to Schlup Investment for the period from January 5, 2005, to January 5, 2006, under Policy No. NPP937220 (the "Policy"). A true and accurate copy of the Policy is attached hereto as "Exhibit 2" and incorporated by reference, as if fully set forth herein.

21. The Policy contains the following relevant provisions:

**COMMON POLICY DECLARATIONS**
**Named insured and Mailing Address: (No., Street, City, Zip)**
SCHLUP INVESTMENTS, INC.

14707 MISSION ROAD
LEAWOOD, KS 66224

. . . .

Location of Business (Enter "same" if same location as above)
SAME AS MAILING

Business Description:
COMMERCIAL FRAMING

. . . .

**COMBINED PROVISIONS ENDORSEMENT – GENERAL**

Each endorsement marked in the box is made a part of your policy.

X     1.     CLASSIFICATION LIMITATION – WW 13 (01 /97)

This insurance applies only to locations and operations that are described on the Declarations page, the Extension of Declarations or an endorsement of this policy. If any operations and/or locations are not described, they are not insured hereunder.

. . . .

22. The Plaza Gardens on the Lake Project was not listed as an insured location under the policy on Declarations page, the Extension of Declarations or an endorsement of this policy.

23. Schlup Investment operations as the developer of record for the Plaza Gardens on the Lakes Project was not described Declarations page, the Extension of Declarations or an endorsement of this policy

24. The coverage under the policy was limited by its terms:

**CONDOMINIUM OR TOWN HOUSE
PRODUCTS-COMPLETED OPERATIONS EXCLUSION
(Except California)**

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of construction,

reconstruction, repair or erection of any condominium or town house if built by you or by others on your behalf.

. . . .

### INDEPENDENT CONTRACTORS EXCLUSION

This insurance does not apply to any claim arising out the operations of any independent contractor or to any act or omission of any insured in the general supervision of such operations.

. . . .

### ADDITIONAL EXCLUSIONS AND CONDITIONS

. . . .

### CONTINUOUS AND PROGRESSIVE INJURY OR DAMAGE EXCLUSION - WW269 (3/96)

This insurance does not apply to bodily injury or property damage which first occurs before the inception date of this policy regardless of whether such bodily injury or property damage continues or becomes progressively worse during the policy period.

. . . .

### WHEN OTHER INSURANCE APPLIES - WW254 (2/95)

Reflecting the reduced premium at which this policy is written, Condition 4. Other Insurance of Section IV- Commercial General Liability Conditions Is deleted and replaced with the following:

> Condition 4. When Other Insurance Applies
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, this insurance shall be excess over any such other insurance, whether it be primary, excess, contingent or on any other basis. The only exception will be insurance purchased specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.
>
> When this insurance is excess, we will have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend.

If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

We will pay only the amount of the loss, if any, that exceeds the sum of

- The total amount that all such other Insurance would pay for the loss in the absence of this insurance; and
- The total of all deductible and self-insured amounts under all that other insurance.

. . . .

**EXTERIOR INSULATION AND FINISH SYSTEM EXCLUSION**
("Synthetic stucco" and similar systems)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of:

1. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, repair, including remodeling, correction, replacement or service by you or by others on your behalf of an Exterior Insulation and Finish System (EIFS) of the type commonly referred to as "synthetic stucco" or any part or portion thereof, or any substantially similar system or any part or portion thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking, or sealants in connection with such a system.

2. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, repair, including remolding, correction, replacement or service by you or by others on your behalf of any exterior component, fixture or feature of any structure if an Exterior Insulation and Finish System or substantially similar system is used on any part of that structure.

This exclusion applies to all causes of action including, but not limited to, allegations of negligent hiring, placement, training or supervision, or to any act, error or omission.

. . . .

**MOLD, SPORES AND/ OR FUNGUS LIABILITY EXCLUSION**

This insurance does not apply to "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising Injury" for which any "named insured" or "insured" under

8

this policy may be held liable arising out of the actual or threatened occurrence, growth, release, transmission, migration, dispersal or exposure to "Mold," "Spores" and/or "Fungus;"

(a)  including, but not limited to, "bodily injury," "property damage," "personal injury" or "advertising injury" resulting from any actual or threatened exposure to, inhalation, absorption or ingestion of, or physical contact with "Mold," "Spores" and/ or "Fungus;"

(b)  including, but not limited to, "bodily injury," property damage," "personal injury" or "advertising injury" resulting from any actual or threatened "Mold," "Spores" and/or "Fungus" upon any real property or personal property, product or work, premises, site or location, or any other tangible property, of any "named insured" or "insured" or any other person(s) or organization(s), located anywhere in the world;

(c)  including, but not limited to, "bodily injury," "property damage," "personal injury" or "advertising injury" resulting from any loss, cost of expense for any testing, monitoring, clean-up, treatment or removal, or neutralization of "Mold." "Spores" and/ or "Fungus;"

"Mold," "Spores" and/ or "Fungus" means any mold, spores and/ or fungus of any type or nature whatsoever that can cause or threaten harm to any living organism (including human health or human welfare, or the health or welfare of any animal or plant) or can cause or threaten physical damage, deterioration, loss of use, and/or loss of value or marketability, to any tangible property whatsoever. This includes, but is not limited to, any type(s) of mold, spores and/or fungus that are harmful or potentially harmful to health or welfare (such as Stachybotrys and others), or that are damaging or potentially damaging to tangible property (such as wet or dry rot, mildew and others) or that can otherwise cause or threaten to cause "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising Injury" of any kind whatsoever.

. . . .

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

. . . .

**SECTION I - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

9

Case 2:13-cv-04190-NKL   Document 1   Filed 08/20/13   Page 9 of 20

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

. . . .

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

. . . .

10

**j.     Damage to Property**

"Property damage" to:

. . . .

**(5)**   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . . .

**l.     Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

. . . .

11

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

2. **Duties in the Event of Occurrence, Offense, Claim or Suit**

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offence which may result in a claim.

    . . . .

    b. If a claim is made or "suit" is brought against any insured, you must:

        . . . .

        **(2)** Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

. . . .

6. **Representations**

    By accepting this policy, you agree:

    a. the statements in the declaration are accurate and complete;

    b. the statements are based upon representations you made to us; and

    c. we have issued this policy in reliance upon your representations.

25. After Western World issued the Policy, Schlup Investment provided a phone survey to Western World (the "Phone Survey"). A true and accurate copy of the Phone Survey is attached hereto as "Exhibit 3".

26. In the Phone Survey, Schlup Investment represented, *inter alia*, that:

    a. Schlup Investment did not use subcontractors;

    b. Schlup Investment had not been involved in any commercial framing for over a year; and

12

c. Schlup Investment had no projects that were planned or currently underway.

**THE UNDERLYING LAWSUIT**

27. On or about 2009, the Underlying Plaintiffs filed a lawsuit, *Plaza Gardens of the Lake Condominium Association, et al. v. Plaza Gardens of the Lake, Inc. et al.,* Case No. 09CM-CC00376 (Mo. Cir. Ct., Camden Cty.), in the Circuit Court of Camden County, Missouri ("Underlying Lawsuit"). A true and accurate copy of the "Second Amended Petition for Damages," which is the Underlying Plaintiffs' most current pleading in the Underlying Lawsuit, is attached hereto as "Exhibit 4".

28. In the Second Amended Petition for Damages, the Underlying Plaintiffs allege several claims against Schlup Investment and Michael G. Schlup, all arising out of alleged defects in the design, development, construction, and/or sale of condominiums located in Lake Ozark, Missouri.

29. Western World first received notice of the Underlying Lawsuit until March 2013, shortly before the scheduled mediation and trial dates of the Underlying Lawsuit.

30. Western World was prejudiced by the Schlup Investment and Michael G. Schlup's failure to provide timely notice of the Underlying Lawsuit.

**GROUNDS FOR DECLARATORY RELIEF**

**A.    FRAUDULENT MISREPRESENTATION**

31. Schlup Investment, either on its own or through the acts of its authorized agent, fraudulently misrepresented material facts to Western World in the Application and Phone Survey, including, *inter alia*, that:

13

a. The nature of Schlup Investment's business and operations was commercial framing;

b. Schlup Investment's typical project was framing houses/apartments;

c. Schlup Investment had only three employees;

d. Schlup Investment had not worked on any condominiums, town houses, or tract homes in the past five years;

e. Schlup Investment did not use any subcontractors;

f. Schlup Investment did not have any real estate development property;

g. Schlup Investment's address was 14707 Mission Road, Leawood, Kansas 66224;

h. Schlup Investment had not been involved in any commercial framing for over a year; and

i. Schlup Investment had no projects that were planned or currently underway.

32. Schlup Investment intended to deceive Western World and intended for Western World to rely on Schlup Investment's representations in the Application and Phone Survey in issuing and maintaining the Policy.

33. Western World reasonably relied on Schlup Investment's representations in the Application and Phone Survey in issuing and maintaining the Policy. Western World would not have provided coverage for the type of operations or classifications at issue in the Underlying Lawsuit, had no misrepresentations been made by Schlup Investment, or, alternatively, Western World would have charged a significantly higher premium for the risks insured and issued a policy with additional terms and exclusions.

14

34. The Policy is rendered void at its inception by Schlup Investment's misrepresentations in the Application and Phone Survey, and, therefore, the Policy affords no coverage for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit.

### B.  DEFENSES TO COVERAGE UNDER THE POLICY

35. The Policy's Classification Limitation bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of locations and operations not described on the Declarations page, the Extension of Declarations, or an endorsement.

36. The Policy's Condominium or Town House Products-Completed Operations Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying use the claims arise out of construction, reconstruction, repair, or erection of a condominium or town house built by Schlup Investment or others on its behalf.

37. The Policy's Independent Contractors Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of the operations of independent contractor(s) and/or the act(s) or omission(s) of an insured in the general supervision of such operations.

38. The Policy's Continuous and Progressive Injury or Damage Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have

incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of alleged damages which first occurred before the Policy's inception date.

39. The Policy's Exterior Insulation and Finish System Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of the design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, repair, including remodeling, correction, replacement, or service of Exterior Insulation and Finish System and/or a substantially similar system; and/or the design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, or repair of exterior components, fixtures, or features of structure(s) in which an Exterior Insulation and Finish System or a substantially similar system is used.

40. The Policy's Mold, Spores and/or Fungus Liability Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of the actual or threatened occurrence, growth, release, transmission, migration, dispersal or exposure to "Mold," "Spores," and/or "Fungus."

41. The Policy affords no coverage for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims do not allege any "bodily injury" or "property damage," as required for coverage under the Policy.

42. The Policy affords no coverage for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying

16

Lawsuit because the claims do not allege an "occurrence," as required for coverage under the Policy in that the claims do not arise out of an accident.

43. The Policy's Expected or Intended Injury Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of alleged damages that were expected or intended from the standpoint of the insured.

44. The Policy's Contractual Liability Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of alleged damages for which the insured would be obligated to pay, if at all, by reason of the assumption of liability in a contract or agreement.

45. The Policy's Damage to Property Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of alleged damages to the particular part of real property on which Schlup Investment or contractor(s) or subcontractor(s) working directly or indirectly on Schlup Investment's behalf were performing operations; or the particular part of property that must be restored, repaired, or replaced because Schlup Investment's work was incorrectly performed on it.

46. The Policy's Damage to Your Work Exclusion bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit, to the extent, if any, the claims arise out of

17

"property damage" to Schlup Investment's work arising out of it or any part of it and included in the "products-completed operations hazard."

47. The Policy's Damage To Impaired Property Or Property Not Physically Injured bars coverage under the Policy for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because the claims arise out of alleged damages to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in Schlup Investment's product or work, or a delay or failure by Schlup Investment or one acting on Schlup Investment's behalf to perform a contract or agreement in accordance with its terms.

48. The Policy affords no coverage for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit because Schlup Investment and Michael G. Schlup failed to provide timely notice of the claim to Western World, as the Policy requires, and Western World was thereby prejudiced.

49. The Policy affords no coverage for any punitive damages alleged in the Underlying Lawsuit because such damages are not a form of damage covered by the Policy in that coverage under the Policy is limited to compensatory damages, subject to the Policy's terms, conditions, and exclusions, and not to sums awarded for punishment and deterrence. Further, insurance coverage for punitive damages is against public policy.

50. Because no coverage exists under the Policy for any of the allegations made by the Underlying Plaintiffs against Schlup Investment and Michael G. Schlup in the Underlying Lawsuit, Western World has no duty to defend Schlup Investment or Michael G. Schlup in the Underlying Lawsuit or any action arising out of the allegations in the Underlying Lawsuit.

18

Case 2:13-cv-04190-NKL   Document 1   Filed 08/20/13   Page 18 of 20

51. Because no coverage exists under the Policy for any of the allegations made by the Underlying Plaintiffs against Schlup Investment and Michael G. Schlup in the Underlying Lawsuit, Western World has no duty to indemnify Schlup Investment or Michael G. Schlup for any liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit.

52. Any coverage under the Policy for liability Schlup Investment and Michael G. Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit, if any, is excess to other valid and collectible insurance, per the terms of the When Other Insurance Applies provision.

WHEREFORE, Plaintiff, Western World Insurance Company, respectfully requests this Court enter judgment in its favor and against Defendants and declare as follows:

A. That the Policy is rendered void by Schlup Investment's fraudulent misrepresentations;

B. That the Policy provides no overage whatsoever for any of the claims asserted in the Underlying Lawsuit against Schlup Investment and Michael G. Schlup;

C. That Western World has no duty to defend Schlup Investment and/or Michael G. Schlup in the Underlying Lawsuit or any action arising out of the allegations in the Underlying Lawsuit

D. That Western World has no duty to indemnify Schlup Investment or Michael G. Schlup for any liability Schlup Investment and Michael G.

19

Schlup have incurred or will incur based on the allegations contained in the Underlying Lawsuit;

E. That Western World is entitled to its costs, including attorney fees; and

F. That Western World is entitled to any further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Brian R. Plegge_____
Brian R. Plegge, No. 32500
bplegge@bjpc.com
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400   Fax # (314) 421-3128
*Attorneys for Plaintiff*
*Western World Insurance Company*